IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>PUNTAS ASSOCIATES LLC,<br><br>    **Debtor**.<br><br>PUNTAS ASSOCIATES LLC,<br><br>    **Appellant**,<br><br>    v.<br><br>CHAPTER 7 TRUSTEE,<br>NOREEN WISCOVITCH-RENTAS,<br><br>    **Appellee**. | **Bankruptcy No.** 18-3123<br><br><br><br><br><br>**Civil No.** 19-2103 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is appellee Chapter 7 Trustee Noreen Wiscovitch-Rentas ("Trustee")'s motion to dismiss the appeal of Puntas Associates LLC ("Puntas"). (Docket No. 23.) As discussed below, the motion to dismiss is **GRANTED** and this appeal is **DISMISSED**.

**I.   Parties' Positions**

Trustee moves for dismissal based on Puntas' failure to include a transcript of a hearing during the bankruptcy proceedings. Id. Trustee asserts that many issues on which Puntas appeals require the transcript. Id. at p. 3; (Docket No. 32 at p. 4.) Trustee notes that Puntas did not order the transcript and

did not provide notice that it failed to do so.  (Docket No. 23 at p. 4; Docket No. 32 at p. 2.)  Trustee contends that Puntas' "irresponsible pattern of litigation throughout the case evinces its bad faith gestures."  (Docket No. 23 at p. 4.)

Puntas responds that the failure to provide the transcript does not warrant dismissal.  First, Puntas argues that the transcript is unnecessary because the Bankruptcy Court did not make any oral ruling and because the "abundant" other materials in the record, including the Bankruptcy Court's written ruling, are sufficient for this Court to decide its appeal.  (Docket No. 29 at pp. 3-7.)  Puntas believes that the written ruling, "on its face, is procedurally and substantively defective, and that . . . [this Court] can render a determination without the need of a transcript."  Id. at p. 7.  Puntas also acknowledges, however, that the transcript "may be useful in deciding the merits of the appeal."  Id. at p. 6.  Second, Puntas faults Trustee for not providing the transcript.  Id. at pp. 4-6.  Third, Puntas says the cost of a transcript is burdensome because it "currently has no liquid assets" and "bears no income and has had no operation in years."  (Docket No. 29 at pp. 5, 7.)  Apparently, however, Puntas is able to come up with the funds, because it offers to provide the transcript at its shareholders' expense within forty-five days if this Court requests it to do so.  Id. at pp. 5-6, 10.

**II. Applicable Law**

Bankruptcy Rule 8009(b)(1) places an affirmative duty on a bankruptcy appellant either to order certain transcripts or provide notice that it will not do so. Fed. R. Bankr. P. 8009(b)(1). The rule states that, within a prescribed period, the appellant must either

> (A) order in writing from the reporter . . . a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or
>
> (B) file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript.

Id.

An appellant does not have *carte blanche* to decide whether a transcript is necessary for the appeal. "[T]he responsibility for presenting an adequate record on appeal rests squarely with the appellant. Such record should contain the documentation necessary to afford the reviewing court a complete understanding of the case. Appellant's responsibility includes providing the court with an adequate transcript." In re Payeur, 22 B.R. 516, 519 (B.A.P. 1st Cir. 1982) (citation and internal quotation marks omitted). "The responsibility for voids in the appellate record must reside with the party whose claim of error depends for its support upon any portion of the record of the proceedings below which was omitted

Civil No. 19-2103 (FAB)                                                   4

from the designation of the record on appeal." In re Abijoe Realty Corp., 943 F.2d 121, 123 n.1 (1st Cir. 1991).

District courts have discretion to dismiss a bankruptcy appeal where an appellant fails to provide a required transcript. Fed. R. Bankr. P. 8003(a)(2). Dismissal of an appeal based on failure to comply with procedural requirements, like the provision of a transcript, is "harsh." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992).

The courts of appeal in other circuits have elaborated various tests for determining whether an appellant's failure to comply with procedural requirements in a bankruptcy appeal mandates dismissal. The factors considered in the tests include: whether the appellant had notice and an opportunity to explain the mistake; whether the appellant was negligent or acted in bad faith, along with the reason given for the mistake; the length of delay; whether the delay was harmless or prejudiced other parties; the relative fault of the attorney versus the client; the effect on a party from the dismissal of an appeal because of an attorney's mistake; the appropriateness of dismissal compared to other sanctions; and the promotion of swift and efficient resolution of bankruptcy disputes. Celulares Telefónica de P.R., Inc. v. Advance Cellular Sys. (In re Advance Cellular Sys.), 262 B.R. 10, 15 (D.P.R. 2001) (Fusté, J.) (collecting cases).

In the first circuit, "[a]n appellant's failure to file a hearing transcript is fatal to an appeal where the . . . [Court] is unable to determine the legal foundation of the bankruptcy court's rulings, or whether the bankruptcy court made any initial oral findings and rulings." Wilson v. Wells Fargo Bank, N.A. (In re Wilson), 402 B.R. 66, 69 (B.A.P. 1st Cir. 2009) (internal quotation marks omitted).  In In re Wilson, the court summarily affirmed a bankruptcy judge's decisions where a necessary transcript was not provided. Id. at 69-70.  The bankruptcy judge had issued a summary decision that could not be evaluated without the transcript and it was unclear whether the issue on appeal had been properly preserved in the proceedings below. Id.  In In re Payeur, 22 B.R. at 519, the court also affirmed after determining that it was unable to consider the factual basis of a bankruptcy judge's decision because of a failure to provide a transcript.

This Court has synthesized the approaches in this circuit and other circuits to identify the factors which should be considered. District courts considering a motion for dismissal of a bankruptcy appeal based on a failure to follow procedural rules

>should consider: (1) whether the appellant was negligent or acted in bad faith; (2) what prejudice, if any, the other interested parties of the bankruptcy proceeding as well as the proceedings themselves incurred as a result of the appellant's failure to perfect the appeal; (3) the strength of the appellant's explanation for the delay; and (4) the appropriateness of a sanction as measured by the objectives of the relevant Federal Rules of Bankruptcy Procedure.

Celulares Telefónica, 262 B.R. at 15.  In Celulares Telefónica, this court also explained that, generally, "a district court need not weigh the impact to a client of a sanction imposed in response to the act or omission of the client's attorney."  Id.

In Celulares Telefónica, the appellants (i) did not timely designate the items to be included in the record on appeal, and (ii) served the appellee with a copy of the designation of items three days after filing the designation.  Id. at 13-14.  The court found that dismissal was warranted for a few reasons.  First, the court determined that the appellants were negligent and the mistake was inexcusable.  Id. at 16.  Second, the court held that the appellants prejudiced the efficient administration of justice because they slowed judicial proceedings and they kept the appellee "under a veil of ignorance" while taking extra time to refine their own arguments.  Id.  Third, the court said that the reason for the mistake cited by appellants—inadvertence—was "wholly lacking," especially in bankruptcy proceedings where "the heightened urgency of the proceedings makes the failure to adhere to filing deadlines

Civil No. 19-2103 (FAB)                                                    7

even more deplorable." Id.  Finally, the court found dismissal to be appropriate in the case for reasons that included specific and general deterrence.  Id. at 16-17.

This Court also dismissed a bankruptcy appeal in Rivera-Siaca v. DCC Op., Inc., 416 B.R. 9, 12 (D.P.R. 2009) (Besosa, J.).  The appellant in that case failed to designate the record timely, and to state the issues on appeal timely.  Id. at 12-13.  The bankruptcy judge refused a second request for extension of time, the appellee moved to dismiss the appeal, and appellants argued that there was sufficient excusable neglect.  Id. at 12-14.  The Rivera-Siaca court rejected the appellants' argument.  Id. at 14-16.  The court indicated that further delay would be minimally prejudicial to the appellee, an eleven-day delay had an unfavorable impact on judicial proceedings, the appellants' attorney's excuse for the late filing—he was busy with other work—did not constitute excusable neglect, and there was no indication that appellants acted in bad faith.  Id.  The court found dismissal appropriate because of, among other things, repeated failures to comply with court deadlines, the deliberate decision of appellants' attorney to work on other matters, the absence of a record to enable intelligent review of the appeal, and deterrence of similar behavior.  Id. at 17.

**III. Discussion**

To evaluate whether dismissal is appropriate here, the Court applies the factors identified in Celulares Telefónica, 262 B.R. at 15, and the other cases discussed above. The Court concludes that dismissal is warranted.

Puntas informs the Court that the transcript is not necessary because the Bankruptcy Court did not make any oral rulings. (Docket No. 29 at pp. 3-5.) Puntas also points to the Bankruptcy Court's written ruling and other materials in the record, contending that these are sufficient for this Court to decide its appeal. Id. at pp. 3-7.

Puntas misses the point of Trustee's dismissal motion. Trustee argues that the issues raised in Puntas' appeal cannot be adequately adjudicated without the transcript. (Docket No. 23 at p. 3; Docket No. 32 at p. 4.) The Court agrees with Trustee, having reviewed the Bankruptcy Court's written ruling, (Docket No. 7, Ex. 5 at pp. 125-37,) and the issues involved in Puntas' appeal, id., Ex. 1 at pp. 5-6; (Docket No. 14.) The Court cannot responsibly review the Bankruptcy Court's findings challenged by Puntas—which include findings of fact and findings that mix fact and law such as the bad faith in Puntas' petition, the undervaluation of assets, the value of real property, the distributions to creditors, and the reasonable probability of

Civil No. 19-2103 (FAB)                                                    9

rehabilitation—without knowledge of the proceedings that led the Bankruptcy Court to those findings. In this way, Puntas' appeal is similar to the appeals in Wilson, 402 B.R. at 69-70, and In re Payeur, 22 B.R. at 519.

    Indeed, Puntas itself acknowledges that the transcript "may be useful in deciding the merits of the appeal." (Docket No. 29 at p. 6.) Apparently, Puntas believes the transcript is both unnecessary and possibly useful. That is quite a fine line for any party to try to walk. In any event, Puntas stumbles because the transcript is necessary to its appeal.

    Puntas suggests only one other reason for its failure to procure the transcript. Puntas says the cost of a transcript is burdensome. Id. at p. 5. Yet Puntas offers to obtain the transcript at its shareholders' expense. See id. at pp. 5-6, 10. While the two positions may not be inconsistent, they give the impression that Puntas tried to appeal with an incomplete record to save money. And Puntas has not requested a transcript pursuant to 28 U.S.C. section 753(f) or any other provision of law that provides for the furnishing of transcripts to an appellant unable to pay. It is consequently plain that Puntas' financial difficulties need not have protracted these proceedings and are no excuse for its failure to procure the transcript. Puntas suggests

that there are other mitigating circumstances, (Docket No. 29 at p. 7,) but seemingly also forgot to inform the Court of them.

Puntas' failure has prejudiced these proceedings through needless delay. The delay in these proceedings far exceeds the eleven days found prejudicial in Rivera-Siaca, 416 B.R. at 14-16, and slowed the adjudication of matters before the Court as in Celulares Telefónica, 262 B.R. at 16. Puntas belatedly offers to request the transcript and obtain it within forty-five days, (Docket No. 29 at pp. 5-7,) but permitting Puntas to further delay the resolution of these proceedings to correct its own failure is not befitting the nature of bankruptcy cases.

Puntas' failure to procure the transcript may not amount to bad faith but appears to be more than negligence. For one thing, Puntas never contends that the failure was a mistake or omission. See Docket Nos. 29, 35. Not providing the transcript, it seems, was a deliberate decision. Second, Puntas itself is aware that the transcript "may be useful" to resolving its appeal. (Docket No. 29 at p. 6.) As such, Puntas' decision was at minimum negligent—the failure to act in the face of a risk that reasonably should have been known—and possibly reckless—the failure to act "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." Farmer v. Brennan, 511 U.S. 825, 836 (1994); United States v. Ladish Malting Co., 135

F.3d 484, 488 (7th Cir. 1998). Dismissal under these circumstances serves to deter Puntas, its attorneys, and others from such shenanigans.  Rivera-Siaca, 416 B.R. at 16–17; Celulares Telefónica, 262 B.R. at 16–17.

Puntas tries to shift its burden of providing a complete record to Trustee.  (Docket No. 29 at p. 6.)  The effort falls short.  The burden of providing a complete record rests with the appellant.  In re Abijoe Realty Corp., 943 F.2d at 123 n.1; In re Payeur, 22 B.R. at 519.

**IV.  Conclusion**

For the reasons set forth above, the Court **GRANTS** Trustee's motion to dismiss, (Docket No. 23,) and this appeal is **DISMISSED**.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 5, 2020.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE